IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| WALTER P. WALKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: 4:15-cv-00498-SRB |
| ) | |
| EQUITY GROUP, SEAN ENDECOTT ) | |
| and TERRY MOYER, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint With Prejudice (Doc. #34). For the reasons discussed below, Defendant's motion is DENIED.

### I. BACKGROUND

On July 7, 2015, Plaintiff filed his complaint against Defendants Equity Group, Sean Endecott and Terry Moyer, claiming "[a]buse, neglect and making a false claim." (Doc. 5, p.1). Plaintiff alleges he rented a studio apartment in Kansas City, Missouri, which was sold to Defendant Equity Group and claims "[p]erjury and [f]raud is suspected amongst other illegal activity." (Doc. #5, p.3). Plaintiff complains he suffered respiratory difficulties due to a carbon dioxide issue in the apartment. Since the filing of this action, Plaintiff has filed eight different documents as "amendments" to his complaint.

On September 10, 2015, Defendants filed their Motion to Dismiss Plaintiff's Complaint with Prejudice. Defendants assert Plaintiff failed to satisfy the pleading standards required by Federal Rules of Civil Procedure 8 and 10(b), and the Court lacks subject matter jurisdiction over this action based on lack of diversity. Plaintiff filed his response in opposition on October 13, 2015.

## II. DISCUSSION

Defendants argue this action should be dismissed for (1) failure to adhere to the requirements of Fed. R. Civ. P. 8 and 10(b); and (2) lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1332. The Court addresses each of these arguments in turn.

### i. Pleading Standards - Fed. R. Civ. P. 8 and 10(b)

Defendants assert Plaintiff's claim must be dismissed for failure to comply with Fed. R. Civ. P. 8 and 10(b). Defendants claim Plaintiff has failed to allege sufficient facts to support a claim for relief pursuant to Fed. R. Civ. P. 8. Defendant explains Plaintiff must "do more than place a map and suggest that he may be able to travel to some point thereon." (Doc. #35, p. 5). Defendants also argue that the complaint is not clear because Plaintiff makes "countless potential claims against the Defendants without clearly or simply stating his allegations in numbered paragraphs as required in Rule 10(b) of the Federal Rules of Civil Procedure." (Doc. #35, p.3). In his response, Plaintiff states that he has sufficiently provided Defendants with fair notice and claims the remaining details can be provided in discovery.

In order to maintain this action, Plaintiff's complaint must meet the standards set out in Fed. R. Civ. P. 8, and Fed. R. Civ. P. 10(b). First, Rule 8(a) requires a plaintiff plead sufficient facts to state a claim upon which relief may be granted. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). In determining whether the complaint alleges sufficient facts to state a plausible claim to relief, all factual allegations made by the plaintiff are accepted as true. Great Plains Trust Co. v. Union Pac. R.R. Co., 492 F.3d 986, 995 (8th Cir. 2007) (noting that legal allegations are not accepted as true). If the facts in the complaint are sufficient for the Court to draw a reasonable inference that Defendant is liable for

the alleged misconduct, the claim has facial plausibility and will not be dismissed. Iqbal, 556 U.S. at 678. Rule 8(a) also requires a short and plain statement of the grounds for the Court's jurisdiction, a short and plain statement of the claim showing that Plaintiff is entitled to relief, and the relief requested. The purpose of this short and plain statement is to provide defendants with "fair notice of what the…claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007) (citation omitted).

Second, Fed. R. Civ. P. 10(b) requires the party to "state its claims … in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Rule 10(b) suggests, "If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense." The Court notes that a pro se complaint must be liberally construed and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Topchian v. JPMorgan Chase Bank, N.A., No. 12-0910-CV-W-ODS, 2012 WL 3725191, *2 (W.D. Mo. Aug. 27, 2012) (citation omitted).

Here, Plaintiff has filed a complaint and more than eight supplements to the complaint. Plaintiff states he is asserting claims of abuse, neglect and making false claims, but the allegations do not demonstrate to the Court "that [plaintiff] is entitled to relief" pursuant to Fed. R. Civ. P. 8(a)(2). The initial complaint contains a four page narrative claiming "perjury and fraud [are] suspected," but fails to allege sufficient facts to state a claim for these causes of action. (Doc. #5, p.3). Plaintiff asserts claims against three defendants, but it is not clear what Plaintiff's allegations are against each individual defendant. While pro se complaints must be construed liberally and additional details may be exposed later after the completion of discovery,

the Complaint "must still allege sufficient facts to support the claims advanced." Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).

Although Plaintiff's response fails to comply with the requirements set forth in Fed. R. Civ. P. 8 and 10(b), the Court acknowledges Plaintiff's pro se status. As previously explained to Plaintiff by the Court, Plaintiff is directed to file an amended complaint complying with the rules set forth above and as follows:

> [O]ut of an abundance of caution, and without the legal words, start over! Get a brand new complaint. Separate each defendant out into different Counts. Count One should be against only one defendant. State the facts that support the claim and the relief you are seeking. Count Two should be against a different defendant. Again, state the facts that support claim and the relief you are seeking. If necessary, Count Three and any other Counts should be set forth against other defendants. This should be one, single document. Each paragraph should have a number. Keep the paragraphs short, even if that means you have lots of numbered paragraphs. Give this Court one single complaint that has all the defendants and all the counts.

Walker v. Re-Discovery M/H Agency, No. 4:15-CV-00647-SRB, Doc. #13.

Therefore, Defendants' motion to dismiss Plaintiff's Complaint is denied. Plaintiff is directed to file an amended complaint that satisfies the requirements set forth above. Once Plaintiff has had an opportunity to file an amended complaint, Defendants are free to renew their motion to dismiss this action, if appropriate.

### ii. 28 U.S.C. § 1332 – Lack of Subject Matter Jurisdiction

Defendants assert that this action must be dismissed because this Court lacks subject matter jurisdiction over Plaintiff's claims due to the lack of diversity between the parties. Defendants note that Plaintiff resides in Kansas City, Missouri, and Defendant Equity Group, LLC is a Fictitious Name and owned by Realty Services, LLC, a Missouri Limited Liability Company, located in Lee's Summit, Missouri. According to Plaintiff, Equity Group is a company doing business out of Olathe, Kansas, and both individual defendants reside in Kansas.

"The burden of proving subject matter jurisdiction falls on the plaintiff." <u>V S Ltd. P'ship v. Dep't of Hous. & Urban Dev.</u>, 235 F.3d 1109, 1112 (8th Cir. 2000). "Because jurisdiction is a threshold question, the court may look outside the pleadings in order to determine whether subject matter jurisdiction exists." <u>Green Acres Enterprises, Inc. v. United States</u>, 418 F.3d 852, 856 (8th Cir. 2005) (citing <u>Osborn v. United States</u>, 918 F.2d 724, 728–30 (8th Cir. 1990)). In a factual challenge, "the court may receive competent evidence such as affidavits, deposition testimony, and the like in order to determine the factual dispute." <u>Titus v. Sullivan</u>, 4 F.3d 590, 593 (8th Cir. 1993) (citing <u>Land v. Dollar</u>, 330 U.S. 731, 735 n.4 (1947)). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." <u>OnePoint Solutions, LLC v. Borchert</u>, 486 F.3d 342, 346 (8th Cir. 2007) (citing <u>Owen Equip. & Erection Co. v. Kroger</u>, 437 U.S. 365, 373, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978)). "[A Limited Liability Company]'s citizenship, for purposes of diversity jurisdiction, is the citizenship of each of its members." <u>Id</u>. (citing <u>GMAC Commercial Credit LLC v. Dillard Dept. Stores, Inc.</u>, 357 F.3d 827, 829 (8th Cir. 2004)). "To determine jurisdiction, we look to the parties' status at the lawsuit's filing." <u>Id</u>. (citing <u>Grupo Dataflux v. Atlas Global Group, L.P.</u>, 541 U.S. 567, 570 (2004)).

Plaintiff provided a letter from Defendant Equity Group indicating all rent payments shall be sent to their new address at PO Box 2242, Olathe, Kansas, and a business card from Defendant Sean Endecott, who signed the letter, and Defendant Terry Moyer listing phone numbers with a 913 area code. (Doc. #49, p.14-5). In their motion, Defendants state Defendant Equity Group is a Fictitious Name and the company is owned by a Missouri LLC. But, Defendants have not provided information regarding the citizenship of its members through affidavits or other documentation to factually challenge the jurisdictional issue. See <u>Titus</u>, 4 F.3d

at 593. According to the Missouri Secretary of State Business Entity Search, Equity Group was registered as a Fictitious Name on March 3, 2014, and the registration lists Sean Endecott, located in Shawnee, Kansas, as the sole owner of the entity.

Therefore, the Court concludes that Plaintiff has met his burden of proving that the citizenship of the parties is diverse. The Court determines that, at this time, the Court has subject matter jurisdiction over this case. However, pursuant to Fed. R. Civ. P. 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss this action." "[T]his court is obligated to raise such jurisdictional issues if it perceives any." White v. Nix, 43 F.3d 374, 376 (8th Cir. 1994) (quoting Lewis v. United States Farmers Home Admin., 992 F .2d 767, 771 (8th Cir. 1993)).

### III. CONCLUSION

Accordingly, in light of Plaintiff's pro se status, it is hereby

**ORDERED** that Defendants' Motion to Dismiss Plaintiff's Complaint With Prejudice (Doc. #34) is DENIED; and

**ORDERED** that Plaintiff shall file an amended complaint on or before **November 9, 2015**. The amended complaint shall be labeled as "Amended Complaint" or "Amended Civil Complaint" and comply with the rules set forth above. Plaintiff's failure to provide an amended complaint that meets the requirements set forth above will result in the dismissal of this action.

**IT IS SO ORDERED**

/s/ Stephen R. Bough
STEPHEN R. BOUGH, JUDGE
UNITED STATES DISTRICT COURT

DATE: October 26, 2015