IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| WALTER P. WALKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: 4:15-cv-00498-SRB |
| ) | |
| EQUITY GROUP, SEAN ENDECOTT ) | |
| and TERRY MOYER, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before this Court is Plaintiff's Motion to Reinstate Former Motion for an Injunction and Temporary Restraining Order (Doc. #53). For the reasons discussed below, the Motion is denied.

Plaintiff seeks a restraining order against Defendants for the reasons set forth in Plaintiff's previous requests. In Plaintiff's first motion, filed on July 8, 2015, Plaintiff sought a restraining order and injunction against Defendants for two reasons: (1) "'Illegal – restraint to full access of the Plaintiff[']s apartment dwellings' in which lease contract exposes access to both two car garages"; and (2) "[A] stop to the defendants 'abuse, negligence, and/or explortation [sic], harassment, threats, and ignorance." (Doc. #8). Plaintiff filed a second motion on July 22, 2015, seeking a restraining order and injunction against Defendants based on claims that Plaintiff's apartment contains dangerous and unsafe conditions such as "unsafe wiring, ventilation hazards … carbon monoxide, black mole [sic], plumbling [sic], and insect infestation." (Doc. #13).

"The burden of establishing the propriety of a preliminary injunction is on the movant." Baker Elec. Co-op., Inc. v. Chaske, 28 F.3d 1466, 1472 (8th Cir. 1994) (citing Modern Computer

Sys., Inc. v. Modern Banking Sys., Inc., 871 F.2d 734, 737 (8th Cir. 1989) (en banc)). To succeed in a request for a restraining order, the movant must satisfy the procedural requirements of Federal Rule of Civil Procedure 65 and substantive prerequisites set forth by the Eighth Circuit. The Eighth Circuit requires the movant to show and the Court to consider the following factors: "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." Dataphase Sys., Inc. v. C L Sys., Inc., 640 F.2d 109, 114 (8th Cir. 1981). "[A] failure to show irreparable harm is an independently sufficient ground upon which to deny a preliminary injunction." Novus Franchising, Inc. v. Dawson, 725 F.3d 885, 893 (8th Cir. 2013). A plaintiff seeking preliminary relief is required to "demonstrate that irreparable injury is likely in the absence of an injunction." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22 (2008) (citing Los Angeles v. Lyons, 461 U.S. 95, 103 (1983)). "A district court has broad discretion when ruling on a request for preliminary injunction, and it will be reversed only for clearly erroneous factual determinations, an error of law, or an abuse of its discretion." Dawson, 725 F.3d at 893.

In this case, Plaintiff seeks an injunction against Defendants for issues relating to the condition of the apartment owned by Defendant Equity Group. However, Defendants assert, "Plaintiff turned over possession of the property located at 2025 E. 85th Street, Apartment C, Kansas City, Missouri 64132, on or about August 26, 2015." (Doc. #57, ¶5). Plaintiff has failed to rebut Defendants' argument and failed to meet his burden of proof. See Baker, 28 F.3d at 1472.

Because Plaintiff no longer resides in the apartment building referenced in the motion, a threat of irreparable harm cannot be established. Plaintiff's failure to prove "irreparable harm is

an independently sufficient ground upon which to deny a preliminary injunction." Novus, 725 F.3d at 893. Plaintiff's Motion, even when liberally viewed due to the plaintiff being pro se, does not satisfy the procedural requirements of Federal Rule of Civil Procedure 65 or substantive prerequisites set forth by the Eighth Circuit.

Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion to Reinstate Former Motion for an Injunction and Temporary Restraining Order (Doc. #53) is **DENIED**.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated:  December 1, 2015