IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| WALTER P. WALKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: 4:15-cv-00498-SRB |
| ) | |
| EQUITY GROUP, SEAN ENDECOTT ) | |
| and TERRY MOYER, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. # 58) and Plaintiff's pro se motion for an indefinite continuance (Doc. # 69). For the reasons discussed below, Defendants' motion is GRANTED in part in that Plaintiff's complaint is dismissed without prejudice, and Plaintiff's motion is DENIED as moot.

**I.   Background**

On July 7, 2015, Plaintiff filed his complaint against Defendants Equity Group, Sean Endecott and Terry Moyer, claiming "[a]buse, neglect and making a false claim." (Doc. # 5, p. 1). Plaintiff alleges he rented a studio apartment in Kansas City, Missouri, which was sold to Defendant Equity Group and claims "[p]erjury and [f]raud is suspected amongst other illegal activity." (Doc. # 5, p. 3). Plaintiff complains he suffered respiratory difficulties due to a "carbon dioxide backdraft" issue in the apartment. Id. at p. 3-4. Since the filing of this action, Plaintiff has filed eight different documents as "amendments" to his complaint.

On November 9, 2015, Defendants filed their joint Motion to Dismiss Plaintiff's Amended Complaint with Prejudice. On December 1, 2015, the Court ordered Plaintiff to show cause why Defendants' motion to dismiss this action should not be granted. Plaintiff failed to

respond to the Court's Order. On December 11, 2015, the Court granted Plaintiff's request for an extension of time to respond to the Court's Order to Show Cause. Plaintiff's response was due on or before December 28, 2015, but Plaintiff has failed to file his response for consideration by the Court.

**II.     Legal Standard**

In order to maintain this action, Plaintiff's complaint must meet the standards set out in Fed. R. Civ. P. 8, and Fed. R. Civ. P. 10(b). First, Rule 8(a) requires a plaintiff plead sufficient facts to state a claim upon which relief may be granted. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). In determining whether the complaint alleges sufficient facts to state a plausible claim to relief, all factual allegations made by the plaintiff are accepted as true. Great Plains Trust Co. v. Union Pac. R.R. Co., 492 F.3d 986, 995 (8th Cir. 2007) (noting that legal allegations are not accepted as true). If the facts in the complaint are sufficient for the Court to draw a reasonable inference that Defendant is liable for the alleged misconduct, the claim has facial plausibility and will not be dismissed. Iqbal, 556 U.S. at 678. Rule 8(a) also requires a short and plain statement of the grounds for the Court's jurisdiction, a short and plain statement of the claim showing that Plaintiff is entitled to relief, and the relief requested. The purpose of this short and plain statement is to provide defendants with "fair notice of what the…claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007) (citation omitted).

Second, Fed. R. Civ. P. 10(b) requires the party to "state its claims … in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Rule 10(b) suggests, "If doing so would promote clarity, each claim founded on a separate transaction or

<br>

<br>

occurrence—and each defense other than a denial—must be stated in a separate count or defense." The Court notes that a pro se complaint must be liberally construed and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Topchian v. JPMorgan Chase Bank, N.A., No. 12-0910-CV-W-ODS, 2012 WL 3725191, *2 (W.D. Mo. Aug. 27, 2012) (citation omitted).

### III. Discussion

Defendants assert Plaintiff's Amended Complaint must be dismissed for failure to comply with Fed. R. Civ. P. 8 and 10(b), as directed by the Court. Defendants explain that Plaintiff failed to comply with the Court's October 26, 2015, Order directing Plaintiff to amend his complaint in compliance with Fed. R. Civ. P. 8 and 10(b).

On October 26, 2015, the Court directed Plaintiff to amend his complaint and cautioned that "Plaintiff's failure to provide an amended complaint that meets the requirements set forth above will result in the dismissal of this action." (Doc. # 50, p.6). Plaintiff was directed to amend his complaint as follows:

> [O]ut of an abundance of caution, and without the legal words, start over! Get a brand new complaint. Separate each defendant out into different Counts. Count One should be against only one defendant. State the facts that support the claim and the relief you are seeking. Count Two should be against a different defendant. Again, state the facts that support claim and the relief you are seeking. If necessary, Count Three and any other Counts should be set forth against other defendants. This should be one, single document. Each paragraph should have a number. Keep the paragraphs short, even if that means you have lots of numbered paragraphs. Give this Court one single complaint that has all the defendants and all the counts.

Id.

On November 6, 2015, Plaintiff filed an amended complaint. Paragraph 1 claims "Plaintiff has proved the burden of mental and physical damages with 'medical reports and records' from The University of Kansas Medical Center and Hospital, K.C. Ks[.]" (Doc. #52,

¶1). Paragraph 2 references copies of documents attached to the complaint including a July 2015, Fraud Allegation Reported, a residential lease and letters confirming a change of address. Id. at ¶2. Lastly, Paragraph 3 states "The Missouri Gas Energy Co. has stipulated before in citations reports, that 'Carbon Dioxide – Backdraft' was leaking from a faulty flute and gas furnace and gas water tank." Id. at ¶3. Plaintiff goes on to state, "Evident of exposure causing on going physical, mental damages to plaintiff by neglect of defendants." Id. Plaintiff further concludes, "The defendants, Moyer and Endecott were continuely advised and informed via the plaintiff during the winter months 2014-15, of the fact something was making him sick (plaintiff) due to apt maintenance issues complained about Neglect, Abuse, Resulted!" Id. [sic]

Although Plaintiff filed an amended complaint as directed by the Court, the Amended Civil Complaint fails to comply with Rules 8 and 10(b). Plaintiff has alleged "abuse, neglect perjury and fraud," but the complaint fails to set forth sufficient facts to state a claim for these causes of action. (Doc. # 52, ¶1). Plaintiff concludes that the "Fraud Allegation Reported" document supports his allegations against Defendants; however, the document does not appear to be more than a confirmation of a complaint submission without any other identifying information. (Doc. # 52-1). Additionally, Plaintiff was instructed as follows:

> Separate each defendant out into different Counts. Count One should be against only one defendant. State the facts that support the claim and the relief you are seeking. Count Two should be against a different defendant.

(Doc. # 50). Plaintiff's Amended Complaint is set out into three paragraphs containing nothing more than conclusory allegations that do not demonstrate to the Court "that [plaintiff] is entitled to relief" pursuant to Fed. R. Civ. P. 8(a)(2).

As previously explained, Plaintiff was instructed to comply with the requirements of Rules 8 and 10(b). Plaintiff was provided an opportunity to amend his complaint to satisfy the

pleading standards. While pro se complaints must be construed liberally and additional details may be exposed later after the completion of discovery, the Complaint "must still allege sufficient facts to support the claims advanced." Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). The Eighth Circuit explains that "[w]hen we say that a pro se complaint should be given liberal construction, we mean that if the essence of an allegation is discernible ... then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." Solomon v. Petray, 795 F.3d 777, 787 (8th Cir. 2015) (quoting Stone, 364 F.3d at 914). The Court "will not supply additional facts, nor will [the Court] construct a legal theory for plaintiff that assumes facts that have not been pleaded." Stone, 364 F.3d at 914 (quoting Dunn v. White, 880 F.2d 1188, 1197 (10th Cir. 1989)).

The Court finds that Plaintiff has failed to allege sufficient facts to establish a discernible cause of action or legal theory. Therefore, Plaintiff's case against Defendants Equity Group, Sean Endecott and Terry Moyer is dismissed without prejudice. Consequently, because this case is dismissed, Plaintiff's request for an indefinite continuance is denied as moot.

### IV.  CONCLUSION

Accordingly, it is hereby

**ORDERED** that Defendants' Motion to Dismiss Plaintiff's Complaint With Prejudice (Doc. # 58) is GRANTED in part, and this action is dismissed without prejudice; and

**ORDERED** that Plaintiff's pro se motion for an indefinite continuance (Doc. # 69) is DENIED as moot.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH, JUDGE
UNITED STATES DISTRICT COURT

DATE: January 5, 2016